**E-FILED**
Monday, 03 January, 2011 01:24:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JERMAINE JACKSON,
    Plaintiff,

vs.                                                                         09-1401

GERARDO ACEVEDO, et al.
    Defendants.

## CASE MANAGEMENT ORDER

      This cause is before the court for case management and consideration of various motions filed by the parties including: the Plaintiff's motions to compel discovery [d/e 34, 40, 41, 46]; the Plaintiff's motion for appointment of counsel [d/e 47]; the Defendants' motions for an extension of time to complete discovery [d/e 48, 51] and the Defendants motions for sanctions. [d/e 50]

## I. BACKGROUND

      The pro se Plaintiff, Jermaine Jackson, filed this complaint pursuant to 42 U.S.C.§1983 against one unidentified John Doe Defendant and six named Defendants including Hill Correctional Center Warden Gerardo Acevedo, Lieutenant Livingston, Correctional Officer Thompson, Sergeant H. Stark, Correctional Officer Randolf Turnquist and Correctional Officer Scheland. [d/e 1, January 6, 2010 Merit Review Order]. The parties later identified the remaining defendant as Major Brian Kane. *See* April 15, 2010 Text Order; July 9, 2010 Text Order.

      The Plaintiff alleges that Defendant Livingston violated his Eighth Amendment rights by the use of excessive force when he used a chemical spray against the Plaintiff without provocation. The Plaintiff says the Defendant meant to use the spray on other inmates in the segregation unit, but knew the spray would also impact the Plaintiff. The Plaintiff claims the remaining defendants either failed to protect him by refusing to move him from the area or they denied him needed medical care. After merit review, the court identified the following specific claims:

      a) Defendant Livingston violated the plaintiff's Eighth Amendment rights by the use of excessive force on September 17, 2008.

      b) The Plaintiff alleges the dangerous use of chemical sprays was a common practice allowed by Defendant Acevedo, and therefore he has alleged a claim against Defendant Acevedo in his official capacity.

      c) Defendant Scheland failed to protect the Plaintiff from the use of unnecessary force on September 17, 2008.

d) Defendants Livingston, Thompson, Scheland, Major, Stark and Acevedo violated the plaintiff's Eighth Amendment rights on September 17, 2009, when they refused to provide medical care for a serious medical condition.

## II. FIRST MOTION TO COMPEL #1 [d/e 34]

The Plaintiff claims the Defendants did not provide an adequate response to his First Request for Production of Documents, specifically # 3, 6, 7, 9, 12, 13, 15, 16, 17, 18, 19, 20, 22, 23, 26.

REQUEST #3: The Plaintiff asks for all policies, guidelines, instructions, practices or handbooks in effect during the relevant time period that pertain to handcuffing or removing inmates from segregation cells. The Plaintiff says he needs these documents to defeat the Defendants claim that they acted in good faith when they refused to remove the Plaintiff from his segregation cell during the incident. The Defendants have objected citing "safety and security concerns." (Def. Resp, Ex. B, Req. #3). The Defendants say allowing offenders "access to information regarding how movement is conducted in every instance, particularly within the heightened security area of segregation could allow for anticipation, planning or manipulation of security within segregation." (Def. Resp., p. 2)

The court finds that the Plaintiff's request is over broad. Information concerning the overall use of handcuffs and moving inmates is not really relevant to the Plaintiff's claims. However, any procedures or written policies or directives concerning the use of pepper spray and the resulting movement of inmates in the vicinity both before and after the use of spray is relevant. Therefore, the court will order the Defendants to provide this limited information. If the Defendants still feel that this information poses a security concern, the Defendants may first submit the information to the court under seal for in camera review.

The court also finds that Plaintiff's Request #6 which asks for policies, documents, etc concerning "procedures related to all physical restraints used at H.C.C (Hill Correctional Center)" is repetitive and seeks the same basic information. (Def. Resp, Ex. B, Req. # 6) The court will not require any further response to this request.

REQUEST #5 and #26: The Plaintiff asks for all documents, rules or policies in effect during the relevant time period that relate to the use of pepper spray or other chemical agents to compel inmate compliance or restore order. (Def. Resp, Ex. B, Req. # 5) The Defendants objected based on safety and security concerns, but direct the Plaintiff to the section of the Administrative Code pertaining to "General use of Chemical Agents." 20 Il.Admin.Code. 501.60. The Defendants again say that allowing offenders access to all documents pertaining to the use of chemical agents would threaten security. Again, the court finds that the Plaintiff's request is over broad. However, any policy or directive concerning the movement of inmates in the area that chemical spray is used might be relevant to the Plaintiff's claims. The court will order the Defendants to state whether any such policy or directive exists and provide a copy. If the Defendants have concerns about safety, they may present the document to the court under seal for in camera review.

2

REQUEST #7: The Plaintiff asks for all polices, guidelines and documents that pertain to dealing with inmates on hunger strikes. (Def. Resp, Ex. B, Req. # 7) The Defendants objected based on safety, security and relevance. The court agrees that this request is not relevant to the Plaintiff's claims.

REQUEST #9: The Plaintiff asks for all documents relating to the institutions procedures for dealing with allegations of misconduct by prison staff. (Def. Resp, Ex. B, Req. # 9). The Defendants objected that the request lacks relevance and is not likely to lead to admissible evidence. The court agrees.

REQUEST #12: The Plaintiff asks for any documents listing the officers who were on duty in the segregation unit on September 17, 2008. (Def. Resp, Ex. B, Req. # 12) The Defendants replied they had requested a copy of the roll call/time sheets and would provide them when they were received. The Defendants say they have since provided this information which includes "every employee who was on duty before, during and after the incident. (Def. Resp., p. 3). The Plaintiff claims the Defendants have put improper limitation on their response, but has provided no evidence in support of this claim. The court finds the Defendants response is adequate.

REQUEST # 13: The Plaintiff asks for the names of all staff members who were not assigned to the segregation unit, but entered the unit on September 17, 2008. (Def. Resp, Ex. B, Req. # 13). The Defendants again say they have provided the names of all employees working in segregation on the day in question. The court finds this response is adequate.

REQUEST # 15: The Plaintiff asks for any document that describe the layout of the segregation unit. (Def. Resp, Ex. B, Req. # 15) The Defendants have objected based on safety and security concerns. The Plaintiff says he needs this information to demonstrate the poor ventilation in the segregation unit and how the unit was not designed to help dissipate chemical fumes. The court finds that the Plaintiff is capable of describing the lay out of his unit and ventilation problems. The court agrees that security concerns are adequate to deny the Plaintiff a map or blueprint of the segregation unit.

REQUEST # 16: The Plaintiff asks for the names, identification numbers and cell numbers of all inmates in the segregation unit on September 17, 2008. (Def. Resp, Ex. B, Req. # 16). The Defendants responded that they had requested this information and would provide it when it was received. The Defendants say they have now provided the Plaintiff with the names of offenders in nearby cells, but have redacted identification numbers for security purposes. Although the response was limited to those offenders in the nearby cells as opposed to all cells, the court believes this is a sufficient response and the Plaintiff has not presented any reason to refute this claim. In addition, if the Plaintiff's case is set for trial, the Defendants will be required to provide the inmate number of any potential witness.

REQUEST # 17, 18, 19: In these requests, the Plaintiff aks for information that is either over broad, unduly burdensome or not likely to lead to the production of relevant information. The Plaintiff asks for all written complaints, grievances, incident reports, etc. that relate to the named Defendants (Def. Resp, Ex. B, Req. # 17); any personnel or disciplinary files concerning the Defendants (Def. Resp, Ex. B, Req. # 18) and any documents referencing any civil or criminal

cases involving the named Defendants. (Def. Resp, Ex. B, Req. # 19). The Defendants do not need to provide any further response to these requests.

REQUEST # 20: The Plaintiff asks for a complete copy of his master file. (Def. Resp, Ex. B, Req. # 20). The Defendants object and state that the Illinois Administrative Code specifically states that offenders shall not be granted access to their master file. 20 Il.Adm.Code. 107.301. Nonetheless, the Plaintiff is entitled to any documents that are relevant to the events of September 17, 2008, and to the extent not previously provided, the Defendants must provide the Plaintiff with copies of these documents.

REQUEST # 21, 22: The Plaintiff aks for any documents that pertain to his medical care. (Def. Resp, Ex. B, Req. # 21, 22). The Defendants object stated that the Plaintiff has access to his own medical file and may obtain a copy through the Health Care Unit. The Plaintiff simply says the documents are necessary, but does not dispute this claim. No further response is required.

REQUEST # 23: The Plaintiff asks for all medical requests, inmate records, personnel records, grievances and any other documents that refer to him.(Def. Resp, Ex. B, Req. # 23). The court finds that this request is over broad and not appropriately tailored to the claims in the Plaintiff's complaint. No further response is necessary.

The Plaintiff's First Motion to Compel is granted in part and denied in part. The Defendants must provide further response to Requests # 3, 5, 20 and 26 as directed by this order.

### III. SECOND MOTION TO COMPEL [D/E 40]

The Plaintiff does not believe the Defendants provided proper responses to several of his interrogatories and he has written to the Defendants requesting further response without success. The Plaintiff says some interrogatories were posed to each Defendant, but none provided an appropriate response. For instance, the Plaintiff asked for the Defendants to provide specific information concerning any disciplinary actions, investigations or reprimands against them while they were employed within the Illinois Department of Corrections (herein IDOC). The court agrees with the Defendants that this request is not relevant to the particular claims in this case and not reasonably calculated to lead to the discovery of relevant evidence.

The Plaintiff also asked each Defendant to specify any grievance or complaint against him from inmates, co-workers, supervisors and/or subordinates concerning claims of failure to protect, denial of medical care and any other claim involving unconstitutional conditions of confinement. The Defendants objected that the request is over broad and not likely to lead to the discovery of admissible evidence. The Defendants also says the request is unduly burdensome since grievances and complaints are maintained in each inmate's master file and would require the Defendants to review the master file of every inmate housed at Hill Correctional Center over several years. The court find the Defendants' objection are appropriate.

The Plaintiff asked each Defendant to provide information concerning any criminal action in which they were a party or gave testimony. The Plaintiff asks the Defendants to provide the case name, case number, the outcome, the date of testimony, and who the Defendant

4

testified for. The Defendants object that this request is irrelevant to the claims in the complaint. The Plaintiff simply says the information is relevant to his case, but does not provide any further argument. The court will not require further response from the Defendants.

The Plaintiff also says the Defendants did not provide a proper response to the following specific interrogatories:

## DEFENDANT WARDEN ACEVEDO

INTERROGATORY #1: The Plaintiff asks the Plaintiff for a list of his work history within the IDOC.(Plain. Mot, Ex. A, Int.#1). The Defendant provided a complete list of his previous jobs, the time frames for each job and a brief explanation of each job. However, the Defendant did not provide a statement of the reasons he left each position. The Defendant did not object to this portion of the Interrogatory and apparently overlooked this request. Nonetheless, the court does not find that any further response would be relevant to the Plaintiff's claims.

INTERROGATORY #7: The Plaintiff asks the Defendant to identify the full name, age, race, job title, length of employment and badge number of any subordinates at Hill Correctional Center from 2008 to the present. (Plain. Mot, Ex. A, Int.# 7) The court finds that this request is over broad and not likely to lead to the discovery of any relevant evidence. The Defendants have already provided information concerning employees who were in the segregation unit on September 17, 2008.

INTERROGATORY #8: The Plaintiff asks the Defendant to provide the job duties of the shift commander, assistant warden of operations, assistant warden of programs, major, lieutenant, sergeant, medical director, medical unit administrator and nurse during the relevant time period. (Plain. Mot, Ex. A, Int.#8) The Defendant states that he has provided the Plaintiff with the names and job descriptions for all those requested except the medical employees. These individuals are employed by the company that is under contract to provide health care to jail inmates. The Plaintiff objects, but the medical employees do not report directly to the Warden and he is not the appropriate person to provide this information.

INTERROGATORY #9: The Plaintiff asks for the names and badge numbers of any correctional officer on duty on in the segregation unit on September 17, 2008. (Plain. Mot, Ex. A, Int.#1). The Defendants have provided the Plaintiff with the roll call sheets listing these employees. The Plaintiff has not adequately explained why this response is not sufficient. No further response is required.

INTERROGATORY #10: The Plaintiff asks for the Defendant to identify the names of all chemical agents used by any employee at Hill Correctional Center during 2008. The Plaintiff also asks for the ingredients of each chemical agent, and the time and day the chemical agent was used. (Plain. Mot, Ex. A, Int.#10). The Defendant objects stating that the request is over broad and not likely to lead to the discovery of admissible evidence. The Defendants also objects to providing the percentage of active ingredient in the pepper spray due to safety concerns. The court agrees that this request is over broad. However, the Plaintiff has stated an official capacity claim alleging that the use of chemical sprays was a common practice.

Therefore, the Defendant must state what types of chemical sprays are used.  The Court notes the Defendants must also state whether there are any written guidelines for the use of those chemical sprays beyond those identified in response to Interrogatory #11.  The Defendant does not need to provide a list of the active ingredients in the chemical sprays.

INTERROGATORY #11: The Plaintiff asks for any policies, directives, codes, etc. that authorize the use of chemical agents.(Plain. Mot, Ex. A, Int.#11)  The Defendants refer the Plaintiff to the Administrative Code.  The court has already directed the Defendant to clarify whether there were any other written procedures or guidelines in place on September 17, 2008.  No further response is necessary.

INTERROGATORY #12: The Plaintiff asks the Defendant to identify the type of ventilation system that is in use in the segregation unit and whether it is operated manually, eclectically or both. (Plain. Mot, Ex. A, Int.#12).  The Plaintiff also asks the Defendant to state what types of cleaning and maintenance policies are followed.   The Defendant has identified the system as a Trane brand, Climate Changer model, but objects to the remainder of the request as irrelevant to the issues before the court.   The Plaintiff claims the Defendants disperse chemical agents knowing that it will impact inmates in the area that were not the intended target and that the Defendants take no steps to protect these individuals.  The court will ask the Defendants to state whether they have a regularly scheduled cleaning or maintenance procedure and if so, how often it is required.

INTERROGATORY #13: The Plaintiff asks for the complete names, emergency contacts, identification numbers and last known addresses of seven inmates.(Plain. Mot, Ex. A, Int.#13).  The Defendant says he will produce any offender witness at trial, but object to providing the remaining information due to safety and security concerns.   The Defendants say an inmate should not be allowed information that will enable him to track other inmates, nor contact another inmate's family members.   The Plaintiff simply says the request is likely to lead to relevant evidence. (Plain. Mot, p. 8).   The court will not require any further information.

### DEFENDANT LIVINGSTON, SCHELAND, STARK AND THOMPSON

INTERROGATORY #8: The Plaintiff asks for the number of inmates the Defendants Livingston and Scheland indicated were on a hunger strike since they began working and to provide documentation of the hunger strikes. (Plain. Mot, Ex. A, Int.#8)  The Defendants object that the request is irrelevant to the claims in the complaint and also asks for information contained in confidential medical files.  The court agrees with the objection and will not require a further response.

INTERROGATORY #9: The Plaintiff asks the Defendants Livingston, Scheland, Stark and Thompson to fully describe any physical altercations or verbal disputes they have had with any inmates. (Plain. Mot, Ex. A, Int.#9).  This request is clearly over broad and not relevant to the Plaintiff's claims.

INTERROGATORY #10: The Plaintiff also asks Defendant Scheland to describe all his duties as a Correctional Officer on September 17, 2008, and to provide documentation of any incidents

that were reported or witnessed on this day. (Plain. Mot, Ex. A, Int.#10). The Defendant responded only that he worked as a correctional officer. This response is not sufficient. The Defendant must list his general job duties as a correctional officer in the segregation unit to the extent it has not been provided in response to any other discovery request. However, the Defendant need only provide documentation, if available, of the incident which lead to the use of chemical spray on September 17, 2008.

INTERROGATORY #13: The Plaintiff asked Defendant Thompson to identify all dates and times he has sprayed or witnessed an employee spraying a chemical agent on an inmate to stop a fight or assault and provide relevant documentation. (Plain. Mot, Ex. A, Int.# 13). The Defendant objects that the request is irrelevant to the claims in the complaint. The court disagrees since the Plaintiff is claiming the use of chemical agents without protecting innocent inmates was widespread. It is not clear to the court however, that the Defendant would have any type of record of such incidents available to him. The Defendant should state whether he has this information.

The Plaintiff's Second Motion to Compel is granted in part and denied in part. Defendant Acevedo must provide further response to Interrogatories #10 and 12, Defendant Scheland must provide further response to Interrogatory #12 and Defendant Thompson must respond to Interrogatory #13.

### IV. THIRD MOTION TO COMPEL [d/e 41]

The Plaintiff says the Defendants have not adequately responded to his Second Request for Production of Documents. For instance, the Plaintiff asks for all IDOC directives or documents concerning 23 different areas such as chemical agents, cell extractions, employee discipline, hunger strikes, investigations, health services, tours and checks, movement concerns, monetary compensation, manuals, etc. (Plan. Memo, Ex. B, Req. #1). This request is obviously over broad, unduly burdensome and well beyond the scope of the claims in the Plaintiff's complaint. The court further notes that with each request, it appears the Plaintiff is citing to a relevant portion of the Illinois Administrative Code, so he is obviously aware of the rules concerning each issue. In addition, the court has already allowed some of the Plaintiff's previous requests concerning issues relevant to his claims such as the use of chemical agents. The court will not require a response to this request.

The Plaintiff asks copies of IDOC Department rules and any other documents that relate to a variety of issues including chemical agents, grievance and discipline, legal procedures, health services, records and requests, etc. (Plan. Memo, Ex. B, Req. #2). Again this request for any possible document relating to these issues is over broad and unduly burdensome. The Plaintiff again cites to the particular sections of the Illinois Administrative Code. The Defendants state that a copy is available to the Plaintiff in the prison library and they should not be required to pay for copies for the Plaintiff. The court agrees. No further response is required.

The Plaintiff asks for all documents that describe academy or training guidelines for cadets. (Plan. Memo, Ex. B, Req. #3) This request is not relevant to the claims in the Plaintiff's complaint, and no further response is required.

7

Finally, the Plaintiff asks for all documents that "refer and relate to all correspondence written/submitted by Plaintiff" during his incarceration. (Plan. Memo, Ex. B, Req. #4). The Defendants have objected that this request is overly broad and vague. The court agrees. The request is not reasonably tailored to the claims in the Plaintiff's complaint. The Third Motion to Compel is denied in its entirely.

V. FOURTH MOTION TO COMPEL [d/e 46]

The Plaintiff first asks the court to order Defendant Acevedo to respond to Interrogatory #3 in his Third Set of Interrogatories which asks for all documents that explain the use of chemical agents in the segregation unit from September through November of 2008. The Defendant has objected claiming the request is irrelevant. The Defendant says even though the Plaintiff has an official capacity claim against him, the individual incidents of chemical agent use do not prove there is a policy in place allowing the dangerous use of chemical agents. The court disagrees. The repeated use of chemical spray would confirm the Plaintiff's claim that there is a widespread practice of using the spray with no concern for inmates who are not the intended targets. The Plaintiff has limited his request to a three month period in the segregation unit. The court appreciates they may be some security concerns in responding to this request. However, the Defendant must answer the following: 1) are incident reports or some other form of documentation required any time a chemical agent is used; 2) if so, how are those reports maintained? For instance, are those reports filed only in inmate master files, or does the institution track in any other way the use of chemical agents; 3) if reports are maintained, would the report state which inmates were impacted by the use of the chemical spray beyond the intended target; 4) if reports are maintained only in inmate master files, approximately how many inmates were in the segregation unit during the three month time period; and 5) is there any other monitoring, documentation or reporting on the use of chemical agents in the prison. The Defendants must provide this information to the Plaintiff on or before January 28, 2011. The Plaintiff may file an additional motion to compel on or before February 4, 2011, if based on this additional information, he believes there is relevant documentation available.

The Plaintiff next asks the court to order the Defendants to provide all documents relevant to his Fourth Request to Produce. The Defendants say they have not yet received all relevant documents. The Defendants state that the must work with a litigation coordinator and this individual recently went on medical leave. The Defendants say they are still attempting to obtain the documents and will supplement their response as soon as the documents are received. The Fourth Motion to Compel is therefore denied. The Plaintiff has also asked for $75 to cover his "expenses" (Plain. Mot, p. 3). The Plaintiff is proceeding pro se and the request is denied.

The court notes that the Defendants have filed motions asking for an extension of time to respond to the Plaintiff's recent discovery requests. [d/e 48, 51]. The Defendants must provide responses to the Plaintiff's additional discovery requests on or before January 10, 2011.

VI. MOTION FOR SANCTIONS

The Defendants are asking the court to impose sanctions against the Plaintiff pursuant to Federal Rule of Civil Procedure 37(d). [d/e 50]. The Defendants say they were granted leave to

depose the Plaintiff at his facility in the Scheduling Order. October 13, 2010 Scheduling Order, p. 2. On November 3, 2010, the Defendants provided the Plaintiff with Notice of the Deposition which was to be conducted on November 18, 2010. Counsel for the defendants says that the trip from his office in Springfield to the Plaintiff's facility in Pinckneyville was 140 miles each way.

The Defendants say they attempted to depose the Plaintiff, but he refused to participate since he was not represented by counsel. The Plaintiff stated he would participate if ordered by a Judge, but says he had not received this instruction. The Plaintiff admits that he participated in a call to the magistrate judge's office and an attorney in the office instructed him he must participate in the deposition. The Plaintiff stated that he had filed a motion for appointment of counsel to represent him during the deposition, and he wanted a ruling on his motions to compel before he agreed to participate in the deposition. The Plaintiff was admonished that his case could be dismissed if he failed to participate in the deposition after he was properly noticed. The Plaintiff acknowledges that he did receive notice of the deposition. (Def. Mot, Ex. A.).

The Plaintiff still refused to participate in the Deposition. The Defendants are requesting that the court either dismiss the Plaintiff's lawsuit or bar him for testifying at trial regarding the issues in his complaint. The Defendants also asked to be reimbursed for the cost of travel, $140, and the court report and transcript fee, $97 for a total of $237.

The court notes that on the same day the Deposition was conducted, the court received the Plaintiff's motion for appointment of counsel. [d/e 47]. The Plaintiff says he has made several attempts to find counsel to represent him without success and can not afford to hire counsel. The Plaintiff says he needs counsel to represent him during the deposition so he does not say or do anything that could lead to disciplinary or criminal proceedings. In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993) However, the Plaintiff is clearly capable of representing himself. The Plaintiff has demonstrated that he understands the issues in his case and has actively and aggressively participated in all aspects of discovery including interrogatories, requests to produce and requests to admit. His motions to compel are well documented and thorough. The motion is denied. [d/e 47]

As for the Defendants' motion for sanctions, the motion is grant in part and denied in part. The court will not dismiss this case, nor bar the Plaintiff from testifying concerning the issues in his complaint. The Plaintiff is proceeding pro se and the court finds these penalties are too severe for this first infraction. Nonetheless, the Plaintiff chose to file this lawsuit and must participate in the discovery process including the taking of depositions. The Plaintiff may not refuse to participate because he has pending discovery motions. While the court had not received the Plaintiff's motion for appointment of counsel, the Plaintiff was clearly admonished that he must participate in the deposition, irregardless of his motions, or his case would be dismissed. Therefore, the court will order the Plaintiff to reimburse the Defendants for their costs.

The court will allow additional time so the Defendants may depose the Plaintiff. The

Plaintiff MUST participate in the deposition. If the Plaintiff refuses a second time, his case will be dismissed with prejudice and he will also be ordered to reimburse the Defendants for the cost of the second attempt to depose him.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's First Motion to Compel is granted in part and denied in part. [d/e 34]. The Defendants must provide the Plaintiff further response to Requests # 3, 5, 20 and 26 before January 28, 2011 as directed by this order.**

**2) The Plaintiff's Second Motion to Compel is granted in part and denied in part. [d/e 40]. Defendant Acevedo must provide further response to Interrogatories #10 and 12, Defendant Scheland must provide further response to Interrogatory #12 and Defendant Thompson must respond to Interrogatory #13 as directed by this court. This information must be provided to the Plaintiff on or before January 28, 2011.**

**3) The Plaintiff's Third Motion to Compel discovery is denied. [d/e 41]**

**4) The Plaintiff's Fourth Motion to Compel discovery is granted in part and denied in part. [d/e 46]. Defendant Acevedo must provide the Plaintiff with responses to the questions posed by the court on or before January 28, 2011. If the Plaintiff wishes to file a further motion to compel based on this response, he must file his motion on or before February 4, 2011.**

**5) The Plaintiff's motion for appointment of counsel is denied. [d/e 47]**

**6) The Defendants' motion for sanctions is granted in part and denied in part. [d/e 50]. The Plaintiff must reimburse the Defendants for their costs of $237 associated with the first Deposition. The Defendants may schedule a second deposition with the Plaintiff on or before February 18, 2011. The Plaintiff must cooperate with the deposition or his case will be dismissed with prejudice and he will also be responsible for the costs associated with the second deposition.**

**7) The Defendants' motions for an extension of time to respond to the Plaintiff's discovery requests is granted. [d/e 48, 51] The court will now abide by the following scheduling deadlines: 1) the defendants must provide a response to the Plaintiff's pending discovery requests on or before January 10, 2011; 2) the Defendants must provide the additional discovery ordered in response to the motions to compel on or before January 28, 2011; 3) the discovery period is extended until February 18, 2011 for the purpose of taking the Plaintiff's deposition or obtaining responses to pending discovery ONLY; and 3) any dispositive motions must be filed on or before March 4, 2011.**

Entered this 3rd Day of January, 2011.

s/Joe Billy McDade
_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE