UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JERMAINE JACKSON,
      Plaintiff,

      vs.                                  09-1401

GERARDO ACEVEDO, et al.
      Defendants.

CASE MANAGEMENT ORDER

     This cause is before the court for case management for consideration of the Plaintiff's motions to compel [d/e 55, 56, 57, 58, 61, 62, 64]; the Defendants' motion to stay [d/e 60] and the Plaintiff's motion for an extension of time. [d/e 63]

I. BACKGROUND

     The pro se Plaintiff, Jermaine Jackson, filed this complaint pursuant to 42 U.S.C.§1983 against seven Defendants at the Hill Correctional Center including Warden Gerardo Acevedo, Lieutenant Bradley Livingston, Correctional Officer Daniel Thompson, Sergeant Harold Stark, Correctional Officer Randolf Turnquist, Correctional Officer Corey Scheland and Major Brian Kane. [d/e 1, January 6, 2010 Merit Review Order; *see also* April 15, 2010 Text Order; July 9, 2010 Text Order.

     The Plaintiff alleges that Defendant Livingston violated his Eighth Amendment rights by the use of excessive force when he used a chemical spray against the Plaintiff without provocation.   The Plaintiff says the Defendant meant to use the spray on other inmates in the segregation unit, but knew the spray would also impact the Plaintiff.  The Plaintiff claims the remaining Defendants either failed to protect him by refusing to move him from the area or they denied him needed medical care.   The Plaintiff has the following specific claims against the Defendants:

     a) Defendant Livingston violated the Plaintiff's Eighth Amendment rights by the use of excessive force on September 17, 2008.

     b) Defendant Acevedo violated the Plaintiff's Eighth Amendment rights based on the widespread practice of allowing the dangerous use of chemical sprays.

     c) Defendant Scheland failed to protect the Plaintiff from the use of unnecessary force on September 17, 2008.

     d) Defendants Livingston, Thompson, Scheland, Major, Stark and Acevedo violated the Plaintiff's Eighth Amendment rights on September 17, 2009, when they refused to provide medical care for a serious medical condition.

The Plaintiff has previously filed four motions to compel discovery which the court has granted in part and denied in part. *See* January 3, 2011 Case Management Order. The Plaintiff has now filed seven additional motions to compel which the court will consider as motions #5 through #11. [d/e 55, 56, 57, 58, 61, 62, 64]

The court notes that the initial discovery period in this case ended on December 3, 2010. After ruling on the Plaintiff's first round of motions to compel, the court extended the discovery period until February 18, 2011 ONLY for the purpose of taking the Plaintiff's deposition and allowing responses to the pending discovery requests. January 3, 2011 Case Management Order, p. 10.

## II. MOTIONS TO COMPEL DISCOVERY

### A. FIFTH MOTION TO COMPEL [d/e 55]

The Plaintiff's first motion to compel concerns responses to a third motion for production of documents. The court reviewed the Plaintiff's first and second requests for production of documents in its last case management order which extended the discovery period for limited purposes. *Id.* The Plaintiff claims he provided his third request to the Defendants on July 11, 2011. However, he does not explain why he waited to file this motion to compel until months after the close of the initial discovery period.

The court also notes that the Plaintiff's objection is to the response provided to his request asking for all "documents that refer to relate to report and/or studies conducted whether internal or external to I.D.O.C and/or Hill Correctional Center and made privy to the I.D.O.C. and H.C.C., that advised/warned against/or purports the use and/or practices of any chemical agents/sprays used by and within the I.D.O.C. and H.C.C. " (Plain. Mot., Ex. A, p. 1) The Defendants responded that the request was overly broad and vague.

The court will not order any further response. The Plaintiff asks for ANY documents that relate to ANY report or study conducted by ANYONE pertaining to the ENTIRE Department of Corrections. His request is over broad and vague. The court further notes the Plaintiff has already successfully requested any procedures or written manuals concerning the use of chemical spray and any policy or directive concerning the movement of inmates in the area that chemical spray is used. *See* January 3, 2011 Case Management Order. The motion to compel is denied. [d/e 55]

### B. SIXTH MOTION TO COMPEL [d/e #56]

The Plaintiff says Defendants Acevedo, Livingston and Scheland did not provide appropriate responses to his third and fourth set of interrogatories. The court previously considered the Plaintiff's first set of interrogatories in its last case management order. *See* January 3, 2011 Case Management Order. Again, the Plaintiff has failed to state why he filed his motion to compel well after the end of the first discovery period. Furthermore, the court has reviewed the Defendants' responses and finds they are adequate.

For instance, Defendant Acevedo admitted in response to the Plaintiff's Requests to Admit that medical staff were called to treat individuals who were effected by pepper spray on September 17, 2008. In his third set of interrogatories, the Plaintiff asked the Defendant for the full name of any medical person who responded and the time they arrived. The Defendant stated that LPN Ray Purchase was onsite in the segregation unit. The court finds that this is an adequate response. The motion to compel is denied. [d/e 56]

C. SEVENTH MOTION TO COMPEL [d/e 57]

The Plaintiff says Defendant Acevedo did not fully respond to the court's previous case management order and the Defendant should be required to provide additional information. The court did require the Defendant to provide additional information concerning any chemical spray documentation. In a previous discovery request, the Plaintiff asked the Defendant for all documents that explained the use of chemical agents in the segregation unit from September through November of 2008. The Defendant objected claiming the request was irrelevant. The Defendant stated that even though the Plaintiff had an official capacity claim against Defendant Acevedo, the individual incidents of chemical agent use did not prove there was a policy in place allowing the dangerous use of chemical agents.

The court disagreed and found that the repeated use of chemical spray would confirm the Plaintiff's claim that there is a widespread practice of using the spray with no concern for inmates who are not the intended targets. The court noted that there might be some security concerns in responding to the request. Nonetheless, the court ordered the Defendants to answer a series of five questions for the three month period the Plaintiff was in the segregation unit. The Plaintiff was advised that after he received the information, he could file an additional motion to compel if he believed their was relevant documentation available.

The Defendant provided the following answers to the courts questions:

1) Are incident reports or some other form of documentation required any time a chemical agent is used; and 2) if so, how are those reports maintained? The Defendant responded that incident reports are required after a staff person uses pepper spray and those reports are organized by date.

3)Would the report state which inmates were impacted by the use of the chemical spray beyond the intended target? The Defendant stated that reports are required for any serious injury of an offender, but there is no requirement that offenders housed near the discharge of pepper spray be included in the incident report.

4) Are the incident reports kept in an inmate's master file, and if so, approximately how many inmates were in the segregation unit during the three month time period? The Defendant stated that the question was not applicable since the reports were not maintained in an inmate's master file.

5) Is there any other monitoring, documentation or reporting on the use of chemical agents in the prison? The Defendant stated that there is a chemical agent sign out sheet maintained by the Correctional Facility. This sheet indicates every time a chemical spray was obtained by an

officer at Hill Correctional Center.

The Plaintiff states that the Defendants' answers do not include all relevant reports. For instance, the Plaintiff says Internal Affairs must investigate every use of force and this includes the use of chemical spray. In response, Defense counsel says he has now spoken to the Internal Affairs Division and while incident reports relating to use of force are forwarded to their division, each report does not lead to a further investigation. If any investigation is warranted, a case is opened and is searchable by Offender name.

The Plaintiff asks the court to order the production of these Internal Affairs reports and all incident reports. The court will not grant this request. The Plaintiff is interested in cases similar to his complaint. In other words, the number of times pepper spray is used and impacts surrounding inmates. Therefore, the court does not believe that the Internal Affairs Reports or the Incident Reports would be useful to the Plaintiff. Each covers a wide variety of events and does not include information concerning inmates who may have been impacted, but were not the target of the chemical spray. However, Defendants' counsel noted that in his conversations with Internal Affairs, he learned of one additional method used for tracking the use of chemical agents that is more relevant.

Each time a chemical agent is used a Reportable Incident Report must be filed. Counsel contacted the individual who is responsible for maintaining these reports at Hill Correctional Center. Charlotte LaRose stated that the reports are maintained in her office and include the same information as an incident report, but are only produced for select types of incidents, such as the use of a chemical spray. Based on this information, counsel requested that Ms. LaRose compile every Reportable Incident Report involving the use of chemical spray in 2008 and 2009. This information was provided to the Plaintiff on March 4, 2011 with sensitive information redacted. Defense counsel also indicates he has provided the Plaintiff with a copy of the chemical agent sign out sheets for 2008 and 2009 which indicate every time a chemical spray was obtained by an officer at Hill Correctional Center.

It is unfortunate that the Plaintiff was forced to file yet another motion to compel to obtain the relevant information. Nonetheless, the chemical agent sign out sheets and Reportable Incident Reports appear to be the most relevant documentation. Since these have been provided to the Plaintiff, no further response is necessary and the motion to compel is denied. [d/e 57]

D. EIGHTH MOTION TO COMPEL [d/e 58]

The Plaintiff claims Defendants Livingston, Stark, Kane and Turnquist did not adequately respond to his interrogatories. The Plaintiff does not clearly state when he submitted the interrogatories to these Defendants, nor does he explain why he filed this motion after the close of the initial discovery period. Nonetheless, the court has reviewed the Defendants responses and finds that no further response is required. For instance, in Interrogatory #9, the Plaintiff asks Defendant Stark to identify and describe all "unusual incidents such as, but not limited to, physical assaults, sexual assaults, deaths, attempted suicides, use of force, use of chemical agents, etc. that you have observed and/or reported since your employment at H.C.C." (Plain. Mot, Ex A, Stark, Int. #9) The Defendant appropriately objected to the interrogatory as vague, over broad and not likely to lead to the discovery of relevant information.

The Plaintiff seems to concede that some of his interrogatories are over broad and vague, and asks the court to modify his requests and required an additional response. (Plain. Mot, p. 3, 5). The court will not require further input from the Defendants. Federal Rule of Civil Procedure 33 limits the number of interrogatories the Plaintiff may serve on a Defendant to no more than 25 "including all discrete subparts." Fed.R.Civ.P. 33(a)(1). While the number of interrogatories in the Plaintiff's first, second and third sets of interrogatories to any Defendant may not exceed 25, many of those interrogatories include subparts. In addition, based on a review of the Plaintiff's discovery requests he has obtained relevant information. The Plaintiff has actively and aggressively participated in the discovery process and denying any further response will not prejudiced or hindered the Plaintiff's ability to litigate his claims. The discovery period is closed.

### E. NINTH MOTION TO COMPEL [d/e 61]

The Plaintiff states that Defendants Stark, Acevedo and Livingston did not provide adequate responses to his Requests for Admission of Fact. The Plaintiff has apparently provided multiple Requests for Admission to the Defendants. It is not clear when the Plaintiff submitted his second or third set of requests. *See Coram Health Care Corp. of Illinois v MCI Worldcom Communications, Inc.,* 2001 WL 1467681 at 3 (N.D.Ill. Nov. 15, 2001)(Requests for admission served on discovery cut off date untimely, defendant need not respond.); *Fahey v Creo Products, Inc.,* 1998 WL 474114 at 2 (N.D. Ill. Aug. 4, 1998)(requests for admission served one day before discovery cut-off untimely). However, the court has reviewed the responses submitted by the Plaintiff and finds that the Defendants have appropriately responded.

For instance, the Plaintiff states in Request #5 to Defendant Stark: "In 2008, (if) an inmate at H.C.C. disclosed to you that he was in pain and having problems with his breathing you would have been required to contact the health care unit staff under the procedures established at H.C.C. for medical emergencies." (Plain. Mot, Ex A, p. 1) The Defendant responded that he "admits that in cases of medical emergencies the procedure is to contact the health care unit. The Defendant denies the remainder of the request to admit." *Id.* This response is sufficient. The court notes that an inmate may say he is having breathing problems, but an officer might observe that the inmate is not short of breath and is able to hold a conversation. The officer could surmise that the situation was not a medical emergency that warranted additional care. Requests to Admit are only intended to narrow the issues prior to summary judgment or trial. The motion to compel is therefore denied.

### F. TENTH MOTION TO COMPEL [d/e 62]

The Plaintiff claims Defendants Kane, Turnquist and Thompson did not provide sufficient responses to his Requests for Admission of Fact. Again, the Plaintiff does not clarify when he provided his requests to the Defendants. Nonetheless, the court has reviewed the submitted discovery and finds the responses are adequate. For instance, in the Plaintiff's 16th request for admission submitted to Defendant Kane, the Plaintiff states: "[o]n September 17, 2008, you toured the seg. unit at H.C.C." ( Plain. Mot, p. 5). The Defendant responded that "he was not on the segregation wing during the time of the incident, but many have toured the wing later." (Plain. Mot, p. 6). The Plaintiff's statement did not narrow the time frame, so the

Defendant's response was appropriate. The motion to compel is denied. [d/e 62]

G. ELEVENTH MOTION TO COMPEL [d/e 64]

The Plaintiff states that since the Defendants provided "defective" responses to his various Requests for Admission of Fact, the court should rule that the Defendants have admitted the statements. The motion is denied. [d/e 64] The responses provided by the Defendants will stand. Despite the Plaintiff's claims that he is "prejudiced" by the responses, the requests to admit are not meant to discover facts, but to narrow the issues. (Plain. Mot, p. 2). As previously stated, the Plaintiff has actively and effectively participated in the discovery process and the responses provided will not hinder his ability to litigate his claims.

## III. ADDITIONAL MOTIONS

The Defendants have filed a motion to stay the litigation.[d/e 60] The Defendants note that on January 3, 2011, the Plaintiff was ordered to reimburse the Defendants $237 for the costs incurred as the result of the Plaintiff's refusal to participate in his first deposition. *See* January 3, 2011 Case Management Order. The Plaintiff has not complied with this order. In addition, the Defendants request extra time to respond to the Plaintiff's motions to compel and file a dispositive motion. The court notes that the Defendants chose to respond only to one of the Plaintiff's motions to compel. [d/e 57] The Plaintiff has also filed a motion for an extension of time to file a dispositive motion. [d/e 63]

The court will allow additional time to file dispositive motions, but will not stay the litigation. The Plaintiff is reminded that he must pay the $237 sanction as ordered by the court. The parties are also reminded that the discovery period is now long closed. If either party wishes to file a dispositive motion, the motions must be filed on or before June 30, 2011.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motions to compel discovery are denied for the reasons cited in this order. [d/e 55, 56, 57, 58, 61, 62, 64]. The discovery period is closed.**

**2) The Defendants' motion to stay is denied. [d/e 60].**

**3) The Plaintiff's motion to extend the dispositive motion deadline is granted. [d/e 63] If either party wishes to file a motion for summary judgment, the motions must be filed in accordance with Local Rule 7.1(D) on or before June 30, 2011. *See* CDIL-LR 7.1(D). A response to a summary judgment motion must be filed 21 days after the motion is filed.**

Entered this 27th day of May, 2011.


**s/James E. Shadid**
_____
JAMES E. SHADID

UNITED STATES DISTRICT JUDGE